*Adam Goldman*
*713-567-9534*

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

United States Courts
Southern District of Texas
**FILED**

NOV 2 7 2015

David J. Bradley, Clerk of Court

| United States of America | ) | |
| v. | ) | Case No. H-15-1615M |
| Jesus GALVAN-SIERRA | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _November 25, 2015_ in the county of _Colorado_ in the
_Southern_ District of _Texas_, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 8 U.S.C. Section 1324(a)(1)(A)(ii) | Knowing or in reckless disregard of the fact that an alien has come to, |
| 8 U.S.C. Section 1324(B)(i) | entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law, and did so fur the purpose of comercial advantage or private financial gain. |

This criminal complaint is based on these facts:

See attached Affidavit of Special Agent Yolanda Salazar

☑ Continued on the attached sheet.

*Complainant's signature*

Yolanda Salazar, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _11/27/2015_

*Judge's signature*

City and state: _Houston, Texas_

Stephen Wm. Smith, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN THE MATTER OF THE         §
CRIMINAL COMPLAINT FOR     §     Case No. _____
JESUS GALVAN SIERRA         §

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Yolanda Salazar, after being duly sworn, state as follows:

1.     I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), as a Special Agent (SA) of Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) Department of Homeland Security (DHS) assigned to the Special Agent in Charge (SAC) Houston and have been so employed since December 1988. I am also a graduate of the Federal law Enforcement Training Center at Glynco, Georgia, where I received training and experience in criminal investigations, including human smuggling investigations.

2.     This affidavit is made in support of the Criminal Complaint of Jesus GALVAN-Sierra. The facts contained in this affidavit are based upon information of my own personal knowledge, observations and/or facts related to me by other agents of HSI and/or other law enforcement personnel involved in this investigation. Because this affidavit is being submitted for the limited purpose of establishing probable cause for this arrest, the affidavit may not contain every fact known to me during the course of this investigation.

3.      On or about November 25, 2015, Jesus GALVAN-Sierra, for the purpose of commercial advantage or private financial gain, did transport or attempt to transport aliens that remained in the United States after entering the United States without inspection at a place other than a designated port of entry in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(B)(i).

4.      On or about November 25, 2015, at approximately 1:30 a.m., Josh Estes, an officer with the Weimar Police Department   (WPD) in Colorado County, Texas, was patrolling eastbound on Interstate Highway10 in the vicinity of mile marker 685.  WPD Officer Estes conducted a traffic stop after he observed the driver of a blue GMC Sierra four door pick-up truck with Texas license plate FLZ 6369 driving on the shoulder lane and had defective license plate lamps.

5.      After the vehicle came to a stop, the driver identified himself as Jesus Galvan of Mexico.  He was later identified as Jesus GALVAN-Sierra, date of birth December 7, 1981.  For the WPD Officer Estes's safety, he asked GALVAN-Sierra to roll down all the windows of the vehicle.  The officer observed three male Hispanic passengers in cab of the pick-up truck.  Officer Estes asked Galvan-Sierra for a driver's license and Galvan-Sierra indicated he did not possess one.

6.   Officer Estes, who has received training and is experienced regarding human smuggling cases, observed that the three other individuals appeared nervous and had a strong body odor emanating from their clothing and their persons, which he observed as

being consistent with those of undocumented aliens who were smuggled in past cases he has handled.

7.  Due to the language barrier between Officer Estes and GALVAN-Sierra, Officer Estes asked for assistance from a bilingual officer and Officer Thomas Gonzales of the Eagle Lake Police Department, who is bilingual in Spanish and English, soon arrived.

8.  The three passengers, who were later identified as Eduardo Albanil Venancio, Jeffrey Lopez-Lopez, and Juan Albanil Musico, were asked if any had a driver's license, and all three indicated that they did not. The three individuals then indicated that they were citizens and nationals of Mexico who illegally present in the United States.

9.  Mr. Venancio Albanil informed Officer Gonzalez that he was picked up by GALVAN-Sierra in some bushes at an unknown location to be taken to Houston. He stated that he did pay to be transported, but did not indicate the amount.

10.  Officer Gonzales then informed GALVAN-Sierra that the vehicle was to be impounded due to the fact that neither GALVAN-Sierra nor any of the passengers had a driver's license. An inventory search of the vehicle about to impounded was then conducted and the officers recovered approximately $3,500 in a white envelope under the center console wrapped in rubber bands as well as five (5) cellular telephones in the center console.

11.     GALVAN-Sierra was later determined to be a citizen and national of Mexico, illegally present in the United States. Between the money recovered in the center console and on his person, he had a total of $6,708 in United States currency (i.e., cash).

12.     GALVAN- Sierra was arrested by WPD on Texas State charges for No Driver's License and Smuggling of Persons for Monetary Gain. He was given a warning for the other traffic violations.

13.     The three passengers -- Eduardo Albanil Venancio, Jeffrey Lopez-Lopez, and Juan Albanil Musico -- were transported to the Houston Service Processing Center for processing and interviews.

14.     Mr. Lopez-Lopez informed HSI Agent Brandon Munoz that he paid $3,200 to be transported to Houston and that he was picked up by GALVAN-Sierra at a stash house in San Antonio.

15.     HSI Agents Richard Smith, Chris Maines, and Minh Tran interviewed Juan Albanil-Musico, who was one of the passengers in the vehicle driven by GALVAN-Sierra. Albanil-Musico was presented with a photographic lineup and asked if he recognized any of the individuals in the photographs. Albanil-Musico stated he recognized photo number 5 as the driver who was going to take him to Houston. The individual in photo number 5 was GALVAN-Sierra. Albanil-Musico also stated that his smuggling fee was approximately $3,000.

16.    Based on my experience and the aforementioned facts and observations, the affiant believes there is probable cause to believe that on or about November 25, 2015, Jesus GALVAN-Sierra did transport or attempt to transport aliens that had entered and/or remained in the United States after entering at a place other than a designated port of entry or place other than as designated by the Commissioner in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(B)(i).


Yolanda Salazar
Special Agent
Homeland Security Investigations


Sworn to and subscribed before me and I find probable cause on this the 27th Day of November, 2015.


The Honorable Stephen Wm. Smith
United States Magistrate Judge